NICOLA CALDARONE *vs.* FELIX HEBERT, *et al.*

MARCH 1, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, and Vincent, JJ.

*(1)   Extraordinary Remedies.   Prohibition.*

As a writ of prohibition issues only where no other remedy is expressly provided, it will not be granted where petitioner has a remedy by appeal.

*(2)   Prohibition.   Intoxicating Liquors.   Appeal.*

As Gen. Laws, 1909, cap. 123, § 34, provides for an appeal to the Superior Court in favor of any person aggrieved by the sentence of a district court, in a case of forfeiture of intoxicating liquors, a petition for a writ of prohibition to prevent the justice of a district court from further proceeding in such a case, will be denied.

PETITION for writ of Prohibition.   Denied.

JOHNSON, C. J.   In this case a writ of prohibition is sought to prevent the justice of the district court of the fourth judicial district and said court from taking further cognizance of the liquors and vessels seized and taken from a dwelling house in Warwick by a special constable, under Chapter 123 of the General Laws, 1909.   The grounds are (1) the alleged insufficiency of the statement in the search warrant of the facts on which the belief of said special constable, as to the selling and keeping for sale of intoxicating liquors in said house contrary to law, was based; (2) that said district court has no jurisdiction to hear said complaint for forfeiture, because said complaint does not state the value of the liquors proceeded against.

In the complaint, said special constable states that his belief as aforesaid "is founded on the following facts and circumstances—common report."

The petition states that the petitioner moved in the district court to quash the complaint "on the ground that it does not appear that this court has jurisdiction to entertain this complaint, in that it does not appear by any aver-

ment contained in said complaint that said liquors are not of value exceeding $500," and that said motion was denied by said district court.

The general rule is that the writ of prohibition issues only where no other remedy is expressly provided. In 32 Cyc. 613, the rule is stated thus: "Prohibition will not issue where there is another adequate remedy at law or in equity readily available to the applicant, either by appeal, or writ of error, or by any other writ, motion or proceeding appropriate to the relief." In *Taylor* v. *Bliss*, 26 R. I. 17, which was an application to take the poor debtor's oath, the court, STINESS, C. J., said: "The office of a writ of prohibition is to restrain excess or improper assumption of jurisdiction." . . . "If the execution is within the terms of Section 10, the respondent had no jurisdiction to issue the citation; for the execution defendant would not be entitled to take the oath, nor would he be entitled to apply for a citation. A writ of prohibition is therefore proper, if the case is within Section 10. There is no appeal from the decision to grant the poor debtor's oath, and no other way to restrain action. Objection at the hearing would be of no avail, if the justice should proceed to administer the oath." In *Harkness, Petitioner*, 27 R. I. 124, the court, p. 125, said: "The proceedings upon a petition to be admitted to take the poor debtor's oath are supplemental or ancillary to suits at law, and no provision is made in the statutes for exception to the magistrate's decision therein. If the ordinary course of bringing a case before this court by bill of exceptions were applicable to these proceedings, a writ of prohibition, which was allowed in *Taylor* v. *Bliss*, 26 R. I. 16, would be unnecessary."

In the case at bar a remedy by appeal is expressly provided by Section 34 of said Chapter 123, Gen. Laws, 1909.

The petition is therefore denied and dismissed.

*Bassett and Raymond*, for petitioner.

*Alberic A. Archambault*, for respondent.